## SZUCHY v. HILLSIDE COAL & IRON CO.

(Supreme Court, Appellate Division, Second Department.  February 11, 1896.)

VICIOUS ANIMALS—SUFFICIENCY OF EVIDENCE.

 In an action for injuries inflicted by a mule, plaintiff's evidence, which was contradicted by defendant's witnesses, showed that the mule was vicious, and was known to be so by defendant. Defendant's superintendent testified that defendant's witnesses, who were brought from a foreign state, did not discuss the facts, while one witness admitted he talked over the facts with such superintendent during the journey, and, when asked if the witnesses all agreed on the train that the mule was one of the best, answered, "If we did, I would not tell you." Some other matters to which they testified were highly improbable. *Held*, that the evidence justified the verdict.

Appeal from circuit court, Queens county.

Action by John Szuchy, an infant, by John Stolzky, his guardian ad litem, against the Hillside Coal & Iron Company, for personal injuries, caused by defendant's negligence.    From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

On January 4, 1893, the plaintiff was at work for the defendant, and he lost his foot while leading a mule attached to a coal car in one of the underground corridors of its mine.  He charges that this mule was vicious to the knowledge of defendant, and that he was negligently and carelessly assigned and ordered by defendant, two days before he was hurt, to lead the mule in the business of drawing coal from the place where it was mined to the shaft, plaintiff being ignorant of the vicious disposition of the mule; that on the day in question the animal became ugly, and bit at him, and struck at him with his fore feet, broke away, and got loose, and that in endeavoring to control the animal the lamp on his hat went out, and he caught his foot at a place where the pin was out of the latch at the switch, making a sort of a hole there, and one of the wheels of the car which the mule was drawing passed over his foot, smashing it, and necessitating its amputation. The answer was a general denial.  The court submitted only one question to the jury, viz. the question of the mule, his viciousness, and the defendant's knowledge of it.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Stetson, Tracy, Jennings & Russell, for appellant.
Catlin & Nekarda, for respondent.

PRATT, J.    The verdict of the jury was to the effect that the mule was vicious, and was known to be so by the company.  The

·only question we need consider is whether the evidence justified the verdict. The plaintiff's evidence, if credited by the jury, went to establish both propositions. The motion for nonsuit was, therefore, properly denied. The defendant called several witnesses, who showed no hesitation in contradicting the plaintiff. They went so far and so fast that it was quite obvious that the jury distrusted their truthfulness. Some matters to which they testified were highly improbable. For instance, where the superintendent stated that the witnesses coming on together from Pennsylvania to attend the trial did not discuss the facts of the case. Yet ·one witness on cross-examination admitted that during the journey he did talk over the facts with the superintendent. The same witness, when asked if the witnesses, while on the train, all agreed that the mule was one of the best, answered, "If we did, I would not tell you." The circuit judge felt called upon to instruct the jury that they were at liberty to disregard the testimony of any witness who willfully testified to what was not true, and that the weight of evidence does not always depend on the number of the witnesses. The circuit judge was satisfied with the verdict. He .saw the witnesses. Without having that advantage, we can discover ample grounds why he should not interfere with the verdict. It may be noted that the person nearest plaintiff when injured was not produced, nor any person that had ever led the mule, nor any explanation suggested for such neglect. As defendant's witnesses were all employés of defendant, Hickinbottom v. Railroad Co., ·47 Hun, 639, is in point.

Judgment affirmed, with costs. All concur.